CATHERINE CORTEZ MASTO
Nevada Attorney General
JILL C. DAVIS
Senior Deputy Attorney General
Nevada State Bar No. 8418
Public Safety Division
Office of the Attorney General
555 E. Washington Avenue, Suite 3900
Las Vegas, Nevada 89101
Telephone: (702) 486-3420
Fax: (702) 486-3773

Attorneys for Defendants STATE OF NEVADA, GLEN WHORTON, JACK PALMER, CHERI SCOTT, LENARD VARE, ROBERT LeGRAND, DOROTHY NASH HOLMES, JANE FORAKER-THOMPSON, and DONALD HELLING

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ANTHONY THOMAS CHERNETSKY,<br><br>Plaintiff,<br><br>vs.<br><br>THE STATE OF NEVADA, ex rel., NDOC; GLENN WHORTON, Director NDOC; JACK PALMER, Warden LCC; CRAIG FARWELL; CHERI SCOTT; ROSEMARY SEALS; LENARD VARE; ROBERT LeGRAND; DOROTHY NASH HOLMES; Rev. JANE FORAKER-THOMPSON; and DONALD HELLING,<br><br>Defendants. | CASE NO. : 3:06-cv-00252-LRH-VPC<br><br>**DEFENDANTS' OPPOSITON TO MOTION FOR TEMPORARY RESTRAINING ORDER/PRELIMINARY INJUNTCION** |

Defendants THE STATE OF NEVADA (ex rel., NEVADA DEPARTMENT OF CORRECTIONS ("NDOC")), GLENN WHORTON, JACK PALMER, CHERI SCOTT, LENARD VARE, ROBERT LeGRAND, DOROTHY NASH HOLMES, Rev. JANE FORAKER-THOMPSON, and DONALD HELLING, file their Opposition to Plaintiff's Motion for Temporary Restraining Order/Preliminary Injunction

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.  **Introduction**

Plaintiff filed a Motion for a Temporary Restraining Order and Preliminary Injunction against Warden Neven, Associate Warden Morrow, Chaplain Calderin and Lt. Walker.  These NDOC employees were not named Defendants in Plaintiff's original complaint, and therefore Plaintiff cannot file a motion for TRO/PI against these employees in this matter.

II.  **Preliminary Injunction Standard**

18 U.S.C. § 3626(a)(2) (Prison Litigation Reform Act or PLRA) provides:

> **Preliminary injunctive relief —** In any civil action with respect to prison conditions, to the extent otherwise authorized by law, the court may enter a temporary restraining order or an order for preliminary injunctive relief.  Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm.  The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out in paragraph (1)(B) in tailoring any preliminary relief.  Preliminary injunctive relief shall automatically expire on the date that is 90 days after its entry, unless the court makes the findings required under subsection (a)(1) for the entry of prospective relief and makes the order final before the expiration of the 90-day period.

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 129 S.Ct. 365, 374 (2008).  "A preliminary injunction is an extraordinary remedy never awarded as of right (citation omitted).  In each case, courts 'must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief (citation omitted).'  'In exercising their sound discretion, courts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction (citations omitted).'"  *Id*. at 376-377.  "An injunction is a matter of equitable discretion; it does not follow from success on the merits as a matter of course.  *Romero-Barcelo,* 456 U.S., at 313, 102 S.Ct. 1798 ('a federal judge sitting

Attorney General's Office
555 E. Washington, Suite 3900
Las Vegas, NV 89101

as chancellor is not mechanically obligated to grant an injunction for every violation of law')." *Id*. at 381.

In *Alliance for the Wild Rockies v. Cottrell*, 2010 WL 2926463, 7, the United States Court of Appeals for the Ninth Circuit held:

> For the reasons identified by our sister circuits and our district courts, we join the Seventh and the Second Circuits in concluding that the "serious questions" version of the sliding scale test for preliminary injunctions remains viable after the Supreme Court's decision in *Winter*. In this circuit, the test has been formulated as follows:
>
>> A preliminary injunction is appropriate when a plaintiff demonstrates . . . that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor.
>
> *Lands Council,* 537 F.3d at 987 (internal quotations and modification omitted). Of course, plaintiffs must also satisfy the other *Winter* factors, including the likelihood of irreparable harm.

Under the *sliding scale* approach, "the elements of the preliminary injunction test are balanced, so that a stronger showing of one element may offset a weaker showing of another." *Id*. at 4.

In *Toussaint v. McCarthy*, 801 F.2d 1080, 1086 (9th Cir. 1986), *cert. denied*, 481 U.S. 1069 (1987), the United States Court of Appeals for the Ninth Circuit agreed with the following description of the role of federal courts in the prison context stated by the United States Court of Appeals for the Fifth Circuit in *Ruiz v. Estelle,* 679 F.2d 1115 (5th Cir. 1982), *amended in part and vacated in part on other grounds,* 688 F.2d 266 (5th Cir. 1982), *cert. denied,* 460 U.S. 1042 (1983):

> The duty to protect inmates' constitutional rights, however, does not confer the power to manage prisons, for which courts are ill-equipped, or the capacity to second-guess prison administrators. Federal courts should not, in the name of the Constitution, become enmeshed in the minutiae of prison operations. Our task is limited to enforcing constitutional standards and does not embrace superintending prison administration (citation omitted).
>
> As a matter of respect for the state's role and for the allocation of functions in our federal system, as well as comity toward the state, the relief ordered by federal courts must be consistent with the policy of minimum intrusion into the affairs of state prison administration that the Supreme Court has articulated for the federal courts. "[T]he principles of federalism which play such an

important part in governing the relationship between federal courts and state governments" are applicable "where injunctive relief is sought . . . against those in charge of an executive branch of an agency of state" government. [*Rizzo v. Goode,* 423 U.S. 362, 380, 96 S.Ct. 598, 608, 46 L.Ed.2d 561 (1976).] We should, therefore, fashion the least intrusive remedy that will still be effective. In shaping that remedy, we must also, as a matter of judicial administration, regard the essential nature of federal courts in an adversary system. Our remedial powers are inherently judicial, not administrative (citation omitted).

The PRLA "operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators-no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." *Gilmore v. California*, 220 F.3d 987, 999 (9th Cir. 2000).

III.   <u>Analysis</u>.

**A. Plaintiff's Motion for Preliminary Injunction Fails Procedurally**

The relief Plaintiff seeks in his Motion is covered under FED. R. CIV. P. 65. Under said rule, it is clearly indicated throughout, that such relief, if granted, would be granted against an "adverse party." FED. R. CIV. P. 65. The parties, Warden Neven, Associate Warden Morrow, Chaplain Calderin and Lt. Walker, upon whom Plaintiff asks this Court to enforce the preliminary injunction, are not a "party" to this action, let alone "adverse parties." Accordingly, the relief Plaintiff seeks is not within this Court's jurisdiction to grant, and therefore, Plaintiff's Motion should be denied in its entirety.

Rule 65 of the Federal Rules of Civil Procedure provides that:

> A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, is any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

FED. R. CIV. P. 65(b).

This action is proceeding on Plaintiff's Complaint, against Defendants THE STATE OF NEVADA (ex rel., NEVADA DEPARTMENT OF CORRECTIONS ("NDOC")), GLENN WHORTON, JACK PALMER, CHERI SCOTT, LENARD VARE, ROBERT LeGRAND,

DOROTHY NASH HOLMES, Rev. JANE FORAKER-THOMPSON, and DONALD HELLING regarding the prior version of AR 810.  Because the preliminary injunction orders sought by Plaintiff would not remedy the claim upon which this action proceeds, the prior AR 810, and does not involve the same parties, this Court lacks jurisdiction to issue the orders, and Plaintiff's Motion for Preliminary Injunction must be denied.

Plaintiff's Motion for Injunction does not comply with Rule 65(b)'s important procedural notice requirement.  Here, Plaintiff has not demonstrated that his Complaint, or his Motion have been served on any entity he seeks to enforce the injunction against.  And while the real parties to the injunction, Warden Neven, Associate Warden Morrow, Chaplain Calderin and Lt. Walker may ultimately be represented by the Attorney General in this matter, there has been no appearance on behalf of them by the Attorney General at this stage of the proceedings.  Moreover, Plaintiff has not submitted a sworn affidavit or declaration certifying that any efforts have been made to give notice of his Motion or Complaint to any named Defendant, which is required by Federal Rule of Civil Procedure 65(b).

Plaintiff's Motion does not comply with these elemental procedural requirements of Federal Rule of Civil Procedure 65(b). Thus, for all these reasons, the Court must deny Plaintiff's Motion for Preliminary Injunction pursuant to FED. R. CIV. P. 65(b).

Furthermore, an injunction is appropriate to grant intermediate relief of the same character as which may be granted finally, and relief is not proper when requested on matters lying wholly outside the issues in suit.  *DeBeers Consol. Mines v. United States.,* 325 U.S. 212, 220 (1945); *Kaimowitz v. Orlando, Fla.,* 122 F.3d 41, 43 (11th Cir.), *amended,* 131 F.3d 950 (11th Cir. 1997).  To obtain injunctive relief, the party "must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Devose v. Herrington,* 42 F.3d 470, 471 (8th Cir. 1994).  The injunction bears no relation to the Complaint, and should be addressed in its own complaint, providing Plaintiff follows the PLRA requirement to do so.

. . .

. . .

IV. **CONCLUSION**

Plaintiff's Motion for Temporary Restraining Order/Preliminary Injunction should be denied.

Dated this 12<u>th</u> day of November, 2010.

         CATHERINE CORTEZ MASTO
         Attorney General

         By: /<u>s</u>/ Jill C. Davis
             JILL C. DAVIS
             Senior Deputy Attorney General
             Public Safety Division

**CERTIFICATE OF SERVICE**

I hereby certify that I am an employee of the Office of the Attorney General, State of Nevada, and that on this 12th day of November, 2010, I served the foregoing **DEFENDANTS' OPPOSITION TO MOTION FOR TEMPORARY RESTRAINING ORDER/PRELIMINARY INJUNCTION**, by causing a true and correct copy thereof to be filed with the Clerk of the Court using the CM/ECF system and by causing a true and correct copy thereof to be delivered to the Department of General Services, for mailing at Las Vegas, Nevada, addressed to the following:

ANTHONY THOMAS CHERNETSKY #44502
HIGH DESERT STATE PRISON
P.O. Box 650
INDIAN SPRINGS, NV 89070

/s/ Gina Long
An employee of the Attorney General's office