UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| ANTHONY THOMAS CHERNETSKY, ) | 3:06-cv-00252-RCJ-WGC |
| Plaintiff, ) | **MINUTES OF PROCEEDINGS** |
| vs. ) | May 7, 2013 |
| STATE OF NEVADA, *et al.*, ) | |
| Defendants. ) | |

PRESENT:  THE HONORABLE WILLIAM G. COBB, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:    Katie Lynn Ogden    REPORTER:    FTR

COUNSEL FOR PLAINTIFF:   Anthony Thomas Chernetsky, In Pro Per (Telephonically)

COUNSEL FOR DEFENDANT(S):  Micheline Fairbank

**MINUTES OF PROCEEDINGS: Status Conference**

9:29 a.m. Court Convenes.

**I.    Plaintiff's Motion for Leave of Court to File Supplemental Points and Authorities in Support of Plaintiff's Motion to Compel (Dkt. #98)**

The court first addresses Mr. Chernetsky Motion for Leave of Court to File Supplemental Points and Authorities in Support of Plaintiff's Motion to Compel (Dkt. #98).  The court notes the requests within the motion appear to be three separate subject matters (i.e. request to transfer venues, request for appointment of counsel and request for a "no-transfer order"), which should ultimately be filed independently for the court's review and consideration.  Furthermore, the substance of plaintiff's motion does not appear to focus on his Motion to Compel itself; however, to the extent plaintiff is seeking to file supplemental briefing as to his Motion to Compel (Dkt. #97) the court hereby **GRANTS** plaintiff's Motion for Leave of Court to File Supplemental Points and Authorities in Support of Plaintiff's Motion to Compel (Dkt. #98).

**II.    General discussion regarding plaintiff's discovery disputes**

The court and parties have discussions related to the substance of Mr. Chernetsky's discovery diputes.  Mr. Chernetsky explains that he has limited his discovery to issues regarding the sweat house only because it was his understanding, from the conclusion of the last Early Mediation Conference (Dkt. #85), all other issues related to his claims were resolved.  Therefore,

MINUTES OF PROCEEDINGS
3:06-cv-00252-RCJ-WGC
Date: May 7, 2013
Page 2

Mr. Chernetsky indicates that he is seeking leave from the court to conduct full discovery.

The court expresses its concern regarding further discovery being sought by plaintiff in this matter.  The court notes that its review of plaintiff's discovery requests appear to be broad and not necessarily limited to the sweat house issues.  Mr. Chernetsky argues that the Request for Admissions refer to four specific questions tailored to the sweat house issues only.  The court agrees that the Request for Admissions are tailored to the sweat house issues; however, the court maintains its position that the Request for Interrogatories and Request for Production of Documents still appear to be broad and less narrowed to the sweat house issues only.

Ms. Fairbank represents that there was no agreement made between the parties during the last mediation session to limit discovery in this matter.  Ms. Fairbank further explains that because plaintiff's claim in this action is a broad RLUIPA claim, certain concerns of Mr. Chernetsky were resolved during the mediation session; however, this did not necessarily eliminate a cause of action or a specific claim.  It is the defendants position that there are several issues that will require litigation in this matter.

### III.    Plaintiff's Motion to Compel

The court turns to plaintiff's Motion to Compel and his assertion that defendants did not timely respond to his discovery requests.  The court acknowledges plaintiff's argument; however, based on defendants' explanation for the delayed response and the confirming letter produced by counsel to plaintiff stating that responses were to be produced to plaintiff by March 29, 2013, plaintiff's Motion to Compel (Dkt. #97) is **DENIED**.

### IV.    Dispositive Motions Deadline

The court advises the parties that in its Order, Dkt. #103, the extension of time granted to defendants to file dispositive motions shall be extended to both defendants and plaintiff.  Therefore, dispositive motions shall be filed no later than close of business on **Friday, June 21, 2013**.

### V.    General Discussion Re: Motion for Leave to File Amended Complaint (Dkt. #91)

The court and parties have general discussions regarding plaintiff's request to amend the complaint.  The court requests that plaintiff be specific in his explanation as to what claims are being abandoned and which claims remain.  Furthermore, the court requests that plaintiff address the topics raised in the United States Court of Appeals for the Ninth Circuit Memorandum (Dkt. #51) and why his motion was not filed prior to 2013.

MINUTES OF PROCEEDINGS
3:06-cv-00252-RCJ-WGC
Date: May 7, 2013
Page 3
_____

      In view of the court instruction for plaintiff to expand his reply brief the court extends the briefing schedule as to plaintiff's motion to amend (Dkt. #91) and will further allow defendants to file a sur-reply to plaintiff's reply brief. Therefore, plaintiff's reply brief is due no later than **Wednesday, May 22, 2013**, and defendants' sur-reply brief is due no later than **Friday, May 31, 2013**. The court requests that Ms. Fairbank contact High Desert State Prison to arrange for Mr. Chernetsky access to the law library so that he may adequately respond to the court's instructions given today.

      The court directs the courtroom deputy to provide plaintiff with a copy of the docket sheet.

**IT IS SO ORDERED.**

10:25 a.m. Court Adjourns.

                                          LANCE S. WILSON, CLERK

                                          By:         /s/         
                                              Katie Lynn Ogden, Deputy Clerk