UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ANTHONY THOMAS CHERNETSKY,        )<br>                                                              )<br>                  Plaintiff,                            )<br>                                                              )<br>          vs.                                               )<br>                                                              )<br>STATE OF NEVADA et al.,                  )<br>                                                              )<br>                  Defendants.                       )<br>_____  ) | 3:06-cv-00252-RCJ-WGC<br><br>**ORDER** |

   This prisoner civil rights claim arises out of Defendants' alleged refusal to permit Plaintiff to use certain artifacts during religious rituals and the confiscation of some of those artifacts. (*See generally* Compl., July 7, 2006, ECF No. 6).  Pending before the Court is a Motion for Review of Magistrate Judge's Order (ECF No. 107).  In the challenged order, the magistrate judge granted Defendants' motion to extend time to file dispositive motions.

> "The district court is given broad discretion in supervising the pretrial phase of litigation, and its decisions regarding the preclusive effect of a pretrial order . . . will not be disturbed unless they evidence a clear abuse of discretion." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992) (citation and internal quotation marks omitted).  In general, the pretrial scheduling order can only be modified "upon a showing of good cause." *Id.* at 608 (citing Fed. R. Civ. P. 16(b)).

*Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (Rawlinson, J.).  The rules as they exist today provide, "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. Proc. 16(b)(4).  Here, the magistrate judge noted there was good cause to extend the time to file dispositive motions because Plaintiff's own motion to compel was pending.  The extra time to file dispositive motions after the magistrate judge rules on the motion

to compel is justified because the scope of disclosed materials will depend on that ruling, and the merits of pretrial motions may be affected thereby. The Court denies the motion for review, as the ruling was not clearly erroneous. *See* Fed. R. Civ. P. 72(a).

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion for Review of Magistrate Judge's Order (ECF No. 107) is DENIED.

IT IS SO ORDERED.

Dated this 28th day of May, 2013.

_____
ROBERT C. JONES
United States District Judge