# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ANTHONY THOMAS CHERNETSKY,<br><br>        Plaintiff,<br><br>  vs.<br><br>STATE OF NEVADA, et. al.<br><br>        Defendants. | 3:06-cv-00252-RCJ-WGC<br><br>**REPORT AND RECOMMENDATION<br>OF U.S. MAGISTRATE JUDGE** |

This Report and Recommendation is made to the Honorable Robert C. Jones, Chief United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR IB 1-4. Before the court is Plaintiff's Motion for Leave to file Amended Complaint (Doc. # 91)[1] and Proposed Amended Complaint (Doc. # 89).[2] Defendants oppose the motion. (Doc. # 108.) Plaintiff filed a reply brief (Doc. # 113) and Defendants filed a sur-reply (Doc. # 119) with leave of court.[3]

After a thorough review, the court recommends that Plaintiff's motion be denied.

## I. BACKGROUND

Plaintiff Anthony Thomas Chernetsky (Plaintiff), a pro se litigant, is a prisoner in the custody of the Nevada Department of Corrections (NDOC). Defendants are Jane Foraker-

---

[1] Refers to court's docket number.

[2] Plaintiff filed these documents separately, but viewing the filing of a pro se litigant liberally, the court construed them together as Plaintiff's motion for leave to file an amended complaint and proposed amended complaint. (*See* Doc. # 92.)

[3] *See* Minutes of May 7, 2013 hearing, Doc. # 112 at 3, allowing Plaintiff to expand his reply brief and permitting Defendants to file a sur-reply.

Thompson, Donald Helling, Dorothy Nash Holmes, Robert LeGrand, Jack Palmer, Cheri Scott, Lenard Vare, Glen Whorton, and the State of Nevada.

Plaintiff originally filed his application to proceed in forma pauperis and complaint pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc-1, *et. seq.*, on May 3, 2006. (Doc. # 1.) After screening the complaint pursuant to 28 U.S.C. § 1915e, the court determined that Plaintiff could proceed with his claims related to his practice of the Wicca faith, and the complaint was filed. (Docs. # 5, # 6.)

In Count I of his complaint, Plaintiff alleges that Defendants have burdened his ability to exercise the Wicca faith, without furthering a compelling government interest by the least restrictive means. More specifically, Plaintiff alleges that the implementation of NDOC Administrative Regulation (AR) 810 violates his rights under RLUIPA because it prohibits him from: (1) using fire in rituals, such as cooking meals on Wicca religious grounds and engaging in the sweat lodge activity called "Teach An Alias"; (2) possessing certain items of religious property; (3) receiving free beans, rice, flour, and oil for the preparation of meals on Wicca religious grounds; and (4) taking days off work in observance of the Wicca holy days.

In Count II, Plaintiff alleges Defendants violated his rights to freedom of religious exercise, due process of law and equal protection under the First and Fourteenth Amendments. Specifically, he asserts that NDOC denied Wiccans the religious rights and privileges that it afforded inmates of other faiths at Lovelock Correctional Center (LCC). Finally, Plaintiff claims that he was transferred from LCC to Northern Nevada Correctional Center (NNCC) in retaliation for filing grievances related to the alleged violations of his constitutional rights.

Defendants filed a motion to dismiss [4] on October 11, 2006 (Doc. # 22), which was

---

[4] The motion to dismiss relied upon matters outside the pleadings, and therefore was treated as a motion for summary judgment. (*See* Doc. # 22 at 7, Doc. # 37 at 3.) A *Klingele* order was issued, notifying Plaintiff that the court may treat the motion as one for summary judgment, and if granted, judgment may be entered against him and the lawsuit would be over. (Doc. # 24.) He was given instructions on how to properly oppose a motion for summary judgment. (*Id.*)

converted to a motion for summary judgment by Chief District Court Judge Jones with summary judgment being granted in favor of Defendants on July 13, 2007. (Order at Doc. # 37.) With respect to the prohibition on using fire for ceremonies, sacred cooking, and sweat lodges, the court concluded that Plaintiff "failed to go beyond the pleadings to show that the prohibited practices substantially burden his religious exercise." (Doc. # 37 at 8:16-18.) Additionally, the court found that the prison satisfied its burden of showing a compelling governmental interest for AR 810—preserving the safety, order and efficient management of its institutions—and that it employed the least restrictive means in furthering this interest. (*See id*. at 8-9.) Regarding the asserted prohibition of possessing certain religious items, the court similarly concluded the prison's compelling safety and security concerns outweighed Plaintiff's arguments concerning his right to access these items. (Doc. # 37 at 10-13.)

Insofar as Plaintiff claims that he should be provided with specific food items necessary for his sacred cooking and ceremonial feasts, the court found that Plaintiff did not demonstrate that the failure to provide these items substantially burdened Plaintiff's religious practice. (Doc. # 37 at 14.)

With respect to Plaintiff's complaint that AR 810 does not permit him any work proscription days as a Wiccan, the court concluded that Plaintiff did not present a genuine issue of material fact because he did not establish that he was employed, and AR 810 recognizes Wicca holy days. (Doc. # 37 at 15.)

The court concluded that Plaintiff's equal protection claim failed because Plaintiff did not present evidence that Defendants intended to discriminate against him based on his faith. (Doc. # 37 at 16.) The court also found that Defendants were entitled to summary judgment on Plaintiff's procedural due process claim, reasoning that AR 810, as a legislative enactment, did not require the constitutional due process requirements of notice and a hearing. (*Id*. at 18-19.)

As to Plaintiff's retaliation claim, the court determined that Plaintiff failed to present a genuine issue of material fact because he did not go beyond the pleadings to show that he was transferred because he filed grievances. (*Id*. 19-20.)

Finally, the court determined that the individually named defendants are entitled to qualified immunity, finding that in promulgating AR 810, NDOC officials researched the requirements of various religions, consulted with experts to ascertain the fundamental practices of various faith groups within the prison, reviewed materials and interviewed persons knowledgeable of the Wicca faith; therefore, a reasonable prison official would not have known that AR 810 violated Plaintiff's constitutional rights. (Doc. # 37 at 20-22.)

Plaintiff appealed. (*See* Doc. # 51 at 1.) The Ninth Circuit Court of Appeals issued its memorandum on July 29, 2010. (Doc. # 51.) It affirmed the district court's determination that the individually named defendants were entitled to qualified immunity[5], but found a genuine issue of material fact existed as to whether the State established a compelling interest in restricting Plaintiff's religious exercise, in particular his access to a sweat lodge, and whether AR 810 is the least restrictive means for furthering that interest. (*Id.* at 2 (relying on *Greene v. Solano County Jail*, 513 F.3d 982, 989-90 (9th Cir. 2008), which held that "in light of RLUIPA, no longer can prison officials justify restrictions on religious exercise by simply citing to the need to maintain order and security in a prison. RLUIPA requires more").) The mandate issued on August 27, 2010 (Doc. # 52), and the district court order on the mandate was filed on September 22, 2010 (Doc. # 53).

The Ninth Circuit did not address Plaintiff's constitutional claims because he did not raise them on appeal, but on remand, said that the district court should consider whether to grant Plaintiff leave to amend any of his constitutional claims. (Doc. # 51 at 3.)[6]

Thereafter, Plaintiff did not seek leave to amend his constitutional claims; instead, he filed another motion requesting injunctive relief, which was denied. (*See* Docs. # 55, # 56, #

---

[5] Qualified immunity shields government officials from *civil damages*; therefore, when the Ninth Circuit remanded Plaintiff's RLUIPA claim, the individuals continue as named defendants because Plaintiff is seeking injunctive relief.

[6] It is not entirely clear what basis the district court would have for granting Plaintiff leave to amend these claims since Chief District Judge Jones granted summary judgment in favor of Defendants as to these claims (as opposed to merely dismissing them), and the Ninth Circuit agreed that they were abandoned on appeal. Nevertheless, the court will discuss the viability of Plaintiff's proposed amendment below.

4

1  59, # 61.) Defendants filed an answer on June 26, 2012. (Doc. # 69.) In addition, the parties
2  participated in several mediation conferences and engaged in private settlement discussions
3  between June 2012 and February 26, 2013. (*See* Docs. # 68, # 70, # 72, # 73, # 74, # 76, # 77,
4  # 78, # 80 # 81, # 82, # 84, # 85.)

5       The court entered a scheduling order on December 27, 2012. (Doc. # 83.) Pursuant to
6  the scheduling order, any pleading adding or joining additional parties or any amendment to
7  pleadings was required to be filed on or before February 25, 2013. (*Id.* at 1.) Any motion filed
8  beyond the time limits set forth in the scheduling order shall be stricken, unless the court
9  grants an exception for good cause shown. (*Id.* at 2.)

10      At a mediation conference on February 26, 2013, the parties stated on the record that
11 a partial settlement was reached. (Doc. # 85.) The Attorney General's Office represented that
12 it would prepare a proposed settlement agreement and order for dismissal with prejudice as
13 to certain claims for Plaintiff's review and signature. (*Id.*)

14      Then, on March 1, 2013, Plaintiff filed a motion for extension of time of thirty days to
15 file an amended complaint pursuant to the scheduling order. (Doc. # 86.) In this motion,
16 Plaintiff represented that the only issue that would be going forward after the parties'
17 settlement negotiations was related to the sweat lodge access, and he felt he needed to amend
18 his complaint in this regard. (*Id.*) The court granted Plaintiff's request on March 4, 2013, giving
19 Plaintiff up to and including March 29, 2013, to file a motion for leave to file an amended
20 complaint. (Doc. # 87.) Plaintiff then filed an amended complaint (Doc. # 89) and motion for
21 leave to file an amended complaint (Doc. # 91), which the court ordered it would construe
22 together (Doc. # 92).

23      In the meantime, Defendants sought several extensions of time to file a proposed order
24 for partial dismissal, which the court granted. (Docs. # 88, # 90, # 100, # 102.) Defendants
25 filed their response to Plaintiff's motion for leave to amend on May 3, 2013. (Doc. # 108.)

26      At a hearing on a motion to compel filed by Plaintiff the court engaged the parties in a
27 general discussion regarding Plaintiff's motion for leave to file an amended complaint. (*See*

28                                   5

Minutes of May 7, 2013 hearing, Doc. # 112 at 2-3.) The court directed Plaintiff to address in his reply brief the topics raised in the memorandum of the Ninth Circuit and why his motion was not filed prior to 2013. (*Id.*)

Plaintiff filed his reply on May 23, 2013. (Doc. # 113.) On May 24, 2013, Defendants filed a motion requesting a status conference and extension of time to file a stipulation and proposed order for partial dismissal after discovering that the parties have dramatically different interpretations of the agreed upon terms of the partial settlement. (Doc. # 115.)

Defendants filed their sur-reply regarding Plaintiff's motion for leave to amend on May 31, 2013. (Doc. # 119.)

The court held a status conference regarding this matter on June 10, 2013. (Doc. # 122.) At that time, the parties indicated they would be amenable to participating in another settlement conference, which was scheduled for July 2, 2013 and re-scheduled for July 9, 2013. (*Id.*, Doc. # 124.) The court once again engaged the parties in a discussion concerning Plaintiff's motion for leave to amend. (*Id.*) The court stated it was troubled by the passage of time between the Ninth Circuit's issuance of its memorandum on Plaintiff's appeal which directed the district court to consider whether to grant Plaintiff leave to amend any of the claims, and Plaintiff's filing of a motion for leave to amend. (*Id.*) Defendants indicated that it is their position that allowing amendment at this juncture will prejudice them in delaying the ultimate resolution of this matter. (*Id.*) Plaintiff stated that he was simply complying with the scheduling order and the court's extension of time to file a motion for leave to amend. (*Id.*)

The parties have since each filed their motion for summary judgment. (Doc. # 123, Doc. # 127.)

The resumed settlement conference was held on July 18, 2013. (Doc. # 136.) The parties were unable to reach a settlement but agreed to continue settlement discussions and resume the settlement conference on September 3, 2013. (*Id.*) Even though the parties are continuing settlement discussions, the court will proceed with an analysis of Plaintiff's motion for leave to amend and proposed amended complaint.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 15(a) provides that "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a). Otherwise, a party must seek leave of court to amend a pleading. Fed. R. Civ. P. 15(a)(2).

While the court should freely give leave to amend when justice requires, leave need not be granted where amendment: "(1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *Amerisource Bergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (citation omitted). Thus, leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal. *Carrico v. City & County of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).

## III. ANALYSIS

**A. Prejudice to Defendants and Undue Delay in Resolving this Litigation**

As indicated in the background section of this Report and Recommendation, Plaintiff abandoned his constitutional claims on appeal; however, the Ninth Circuit stated that the district court could consider, on remand, whether Plaintiff should be afforded leave to amend with respect to these claims. As stated *infra*, the basis for granting leave to amend with respect to these claims is not entirely clear because District Court Judge Jones granted summary judgment in favor of Defendants as to these claims (as opposed to merely dismissing them) and Plaintiff abandoned them on appeal. Nevertheless, the court will review the viability of Plaintiff's proposed amendment.

As outlined above, this action was originally filed in 2006. Following the court's ruling on Defendants' motion to dismiss (issued on July 13, 2007), Plaintiff appealed the matter, and the Ninth Circuit's issued its memorandum of decision on July 29, 2010 (Doc. # 51). Thereafter, with the case remanded to the district court, Plaintiff filed a motion for temporary restraining order and preliminary injunction on October 29, 2010. (Docs. # 55, # 56.) He did

not seek leave to amend at this juncture, despite being on notice of his ability to do so since July 29, 2010.

Plaintiff filed a motion to set a trial date and demand for jury trial on June 8, 2012. (Doc. # 64.) He did not seek to amend his complaint nor make any mention of a desire to amend at that time.

Defendants filed their answer on June 26, 2012. (Doc. # 69.) Plaintiff did not file an amended complaint within twenty-one days of service of Defendants' answer; therefore, under Federal Rule of Civil Procedure 15(a0(2), Plaintiff was then required to seek leave of court to amend his complaint.

The court entered a scheduling order on December 27, 2012. (Doc. # 83.) A motion for leave to amend was required to be filed on or before February 25, 2013. (*Id.*) Despite having notice of the deadline to file an amended pleading, or alternatively, motion to amend the scheduling order, Plaintiff waited until March 1, 2013 (after the February 25, 2013 deadline), to request an extension of time to file an amended complaint. (Doc. # 86.) In his motion, he represented that in light of the parties' settlement negotiations, the only issue that would be proceeding was related to the sweat lodge access, and Plaintiff felt he needed to amend his complaint in this regard. (*Id.*) The court granted his request and gave him until March 29, 2013, to file a motion for leave to amend his complaint. (Doc. # 87.) Plaintiff filed his motion for leave and proposed amended complaint on March 27, 2013. (Docs. # 89, # 91.)

While Plaintiff's filing is technically timely in light of the court's granting him an extension of the scheduling order deadline to file a motion for leave, the court is concerned with the passage of time between the issuance of the Ninth Circuit's memorandum on July 29, 2010, and the time Plaintiff sought leave to amend, on March 27, 2013, and the prejudice that will befall Defendants if amendment is permitted which will necessarily result in undue delay in resolving this litigation.

This litigation has been pending since 2006. If the court does not grant Plaintiff leave to amend, the RLUIPA claim that remains has been set for a calendar call for October 15, 2013,

1  and a trial date of November 4, 2013. (Doc. # 138.) The parties have been proceeding since the
2  issuance of the Ninth Circuit memorandum only with respect to Plaintiff's RLUIPA claims. This
3  means that discovery and settlement discussions, which have been extensive and involved a
4  substantial time and effort commitment by the parties, the mediator as well as the court, have
5  centered only on these claims. Granting Plaintiff leave to amend would almost certainly require
6  the court to issue an amended discovery plan and scheduling order, re-open discovery, allow
7  the parties to file additional dispositive motions with respect to the constitutional claims, and
8  vacate the trial date. Defendants are correct in pointing out that access to documents and other
9  discovery relevant to these claims may be difficult to obtain in light of the passage of time. In
10 addition, because a trial date has been entered in the not-so-distant future, Defendants have
11 likely commenced trial preparation under the assumption that this case was going to proceed
12 only with respect to the RLUIPA claims. For these reasons, the court agrees that to allow
13 Plaintiff to amend at this late juncture, when he had ample opportunity to seek leave of court
14 to file an amended complaint, would prejudice Defendants and would result in an undue delay
15 in this litigation.

**B. Futility**

Plaintiff's proposed amended complaint names the same defendants as were identified in the original complaint. (Doc. # 6 at 1-5, Doc. # 89 at 1-5.)[7] Count I, which contains Plaintiff's allegations with respect to RLUIPA, is identical to Count I of the original complaint. (*See* Doc. # 6 at 6-8, Doc. # 89 at 6-8.) Counts II and III of the proposed amended complaint raise claims under the Free Exercise Clause and the Equal Protection Clause, as well as a retaliation claim, all of which were asserted in the original complaint. (Compare Doc. # 89 at 9-10 with Doc. # 6 at 9-10.)

Plaintiff's proposed amended complaint does not elaborate on his sweat lodge access

---

[7] Plaintiff does not discuss the fact that defendants Crawford, Farwell and Seals were dismissed pursuant to Federal Rule of Civil Procedure 4(m) because Plaintiff did not timely serve them with the summons and original complaint.

9

claim, which he previously represented would be the subject of his amendment. (*See* Docs. # 89, # 91.) Instead, Plaintiff has simply re-asserted the constitutional claims that were abandoned on appeal without providing any facts that would tend to show that the original grant of summary judgment in favor of Defendants on these almost identical claims was improper or should be reconsidered.

Accordingly, for this additional reason, the court finds that granting leave to amend would be improper.

### III. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an Order **DENYING** Plaintiff's motion for leave to amend (Doc. # 91).

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, specific written objections to this Report and Recommendation within fourteen (14) days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1), Fed. R. App. P., should not be filed until entry of the District Court's judgment.

DATED: August 14, 2013.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE