UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ANTHONY THOMAS CHERNETSKY, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> STATE OF NEVADA et al., ) <br> ) <br> Defendants. ) <br> ) | 3:06-cv-00252-RCJ-WGC <br><br> **ORDER** |

This Religious Land use and Institutionalized Persona Act ("RLUIPA") case arises out of Defendants' alleged refusal to permit Plaintiff to use certain artifacts during religious rituals and the confiscation of some of those artifacts. The Magistrate Judge has submitted a Report and Recommendation ("R&R") on cross motions for summary judgment, and the parties have filed their objections. The Court adopts the R&R in part and rejects it in part. Unless otherwise indicated, the Court adopts and incorporates the factual background and reasoning of the R&R. For the reasons given in the R&R, the Court grants summary judgment to Defendants and denies summary judgment to Plaintiff as to claims two through nine. However, as to the first claim for failure to permit the use of an existing, in-use sweat lodge for Wiccan religious rituals, the Court grants summary judgment to Plaintiff in part and to Defendants in part.

The Court may not inquire into the "truth, validity, or reasonableness" of Plaintiff's religious need to use the lodge, *see Callahan v. Woods*, 658 F.2d 679, 685 (9th Cir. 1981) (citing *United States v. Ballard*, 322 U.S. 78, 87 (1944)), and there is no evidence in the record that Plaintiff is insincere about the religious nature of his desire to use the lodge, which is a

permissible inquiry, *see id.* at 683. There is ultimately no genuine issue of material fact that denying access to the sweat lodge is a substantial burden upon Plaintiff's Wiccan religious practice without any corresponding compelling state interest. This case is not like *Fletcher v. Whorton*, No. 2:06-cv-818, where the plaintiff demanded that the prison build him a sweat lodge anew. In such a case, a state has compelling interests in resource management that permit a refusal to build the lodge, i.e., the expense of building a major outdoor structure. The Court therefore grants summary judgment to Defendants insofar as Plaintiff means to demand Defendants build him his own lodge. But it appears undisputed that a sweat lodge already exists here, and that it is in use by Native American inmates. The State therefore has no argument with respect to the costs of building a new lodge. The State can simply permit both groups to use the same lodge. This could perhaps even be done without extending the total time of use such that no additional supervision would be required. The State is clearly already handling these supervision issues as to the Native American prisoners who use the lodge. The fact that this course of action is possible eliminates the possibility that an outright ban on use of the lodge is the least restrictive means of furthering the State's interests in this case. The State may not pick and choose whose religious practices to accommodate as between groups whose required level of supervision is the same and where the protesting group can be accommodated in an existing structure under existing procedures.

///

///

///

///

///

///

///

CONCLUSION

IT IS HEREBY ORDERED that the Report and Recommendation (ECF No. 154) is ADOPTED IN PART and REJECTED IN PART.

IT IS FURTHER ORDERED that the Motions for Summary Judgment (ECF Nos. 123, 127) are GRANTED IN PART and DENIED IN PART.  The Court grants summary judgment to Defendants on claims two through ten and grants summary judgment to Plaintiff and Defendants in part on claim one.  Defendants need not build Plaintiff his own lodge but shall permit Plaintiff to use the existing lodge for his Wiccan rituals on terms comparable to those under which Native American prisoners are permitted to use the same structure for similar purposes.

IT IS FURTHER ORDERED that the Motions to Extend Time (ECF No. 155, 158) are GRANTED.

IT IS FURTHER ORDERED that the Motion to Continue Trial (ECF No. 156) is DENIED as moot.

IT IS FURTHER ORDERED that the Clerk shall enter judgment and close the case.

IT IS SO ORDERED.

Dated this 7th day of March, 2014.

_____
ROBERT C. JONES
United States District Judge