1

2

3

4                        **UNITED STATES DISTRICT COURT**

5                            **DISTRICT OF NEVADA**

6

7   ANTHONY THOMAS CHERNETSKY,            )
                                          )
        Plaintiff,                        )
8                                         )              3:06-cv-00252-RCJ-WGC
        vs.                               )
9                                         )
    STATE OF NEVADA et al.,               )              **ORDER**
10                                        )
        Defendants.                       )
11   _____    )

12      This Religious Land use and Institutionalized Persona Act ("RLUIPA") case arises out of

13   Defendants' alleged refusal to permit Plaintiff to use certain artifacts during religious rituals and

14   the confiscation of some of those artifacts.  The Magistrate Judge has submitted a Report and

15   Recommendation ("R&R") on cross motions for summary judgment, and the parties have filed

16   their objections.  The Court adopts the R&R in part and rejects it in part.  Unless otherwise

17   indicated, the Court adopts and incorporates the factual background and reasoning of the R&R.

18   For the reasons given in the R&R, the Court grants summary judgment to Defendants and denies

19   summary judgment to Plaintiff as to claims two through nine.  However, as to the first claim for

20   failure to permit the use of an existing, in-use sweat lodge for Wiccan religious rituals, the Court

21   grants summary judgment to Plaintiff in part and to Defendants in part.

22      The Court may not inquire into the "truth, validity, or reasonableness" of Plaintiff's

23   religious need to use the lodge, *see Callahan v. Woods*, 658 F.2d 679, 685 (9th Cir. 1981) (citing

24   *United States v. Ballard*, 322 U.S. 78, 87 (1944)), and there is no evidence in the record that

25   Plaintiff is insincere about the religious nature of his desire to use the lodge, which is a

1   permissible inquiry, *see id.* at 683.  There is ultimately no genuine issue of material fact that

2   denying access to the sweat lodge is a substantial burden upon Plaintiff's Wiccan religious

3   practice without any corresponding compelling state interest.  This case is not like *Fletcher v.*

4   *Whorton*, No. 2:06-cv-818, where the plaintiff demanded that the prison build him a sweat lodge

5   anew.  In such a case, a state has compelling interests in resource management that permit a

6   refusal to build the lodge, i.e., the expense of building a major outdoor structure.  The Court

7   therefore grants summary judgment to Defendants insofar as Plaintiff means to demand

8   Defendants build him his own lodge.  But it appears undisputed that a sweat lodge already exists

9   here, and that it is in use by Native American inmates.  The State therefore has no argument with

10  respect to the costs of building a new lodge.  The State can simply permit both groups to use the

11  same lodge.  This could perhaps even be done without extending the total time of use such that

12  no additional supervision would be required.  The State is clearly already handling these

13  supervision issues as to the Native American prisoners who use the lodge.  The fact that this

14  course of action is possible eliminates the possibility that an outright ban on use of the lodge is

15  the least restrictive means of furthering the State's interests in this case.  The State may not pick

16  and choose whose religious practices to accommodate as between groups whose required level of

17  supervision is the same and where the protesting group can be accommodated in an existing

18  structure under existing procedures.

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

1

**CONCLUSION**

2          IT IS HEREBY ORDERED that the Report and Recommendation (ECF No. 154) is

3    ADOPTED IN PART and REJECTED IN PART.

4          IT IS FURTHER ORDERED that the Motions for Summary Judgment (ECF Nos. 123,

5    127) are GRANTED IN PART and DENIED IN PART.  The Court grants summary judgment to

6    Defendants on claims two through ten and grants summary judgment to Plaintiff and Defendants

7    in part on claim one.  Defendants need not build Plaintiff his own lodge but shall permit Plaintiff

8    to use the existing lodge for his Wiccan rituals on terms comparable to those under which Native

9    American prisoners are permitted to use the same structure for similar purposes.

10          IT IS FURTHER ORDERED that the Motions to Extend Time (ECF No. 155, 158) are

11    GRANTED.

12          IT IS FURTHER ORDERED that the Motion to Continue Trial (ECF No. 156) is

13    DENIED as moot.

14          IT IS FURTHER ORDERED that the Clerk shall enter judgment and close the case.

15          IT IS SO ORDERED.

16    Dated this 7th day of March, 2014.

17

18    _____

19          ROBERT C. JONES
      United States District Judge

20

21

22

23

24

25