CATHERINE CORTEZ MASTO
Attorney General
MICHELINE N. FAIRBANK
Senior Deputy Attorney General
Nevada Bar No. 8062
Bureau of Litigation
Public Safety Division
100 North Carson Street
Carson City, Nevada 89701-4717
Tel: 775-684-1196

Attorneys for Defendants
*Jane Foraker-Thompson, Donald Helling,*
*Dorothy Nash Holmes, Robert LeGrand, Jack Palmer,*
*Cheri Scott, Lenard Vare, Glen Whorton and the*
*State of Nevada ex rel. Nevada Department of Corrections*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ANTHONY THOMAS CHERNETSKY,<br><br>        Plaintiff,<br><br>v.<br><br>THE STATE OF NEVADA, et al.,<br><br>        Defendants. | Case No.: 3:06-cv-00252-RCJ-WGC<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR DECLARATORY JUDGMENT AND REQUEST FOR INJUNCTIVE RELIEF** |

Defendants Jane Foraker-Thompson, Donald Helling, Dorothy Nash Holmes, Robert LeGrand, Jack Palmer, Cheri Scott, Lenard Vare, Glen Whorton and the State of Nevada ex rel. Nevada Department of Corrections ("NDOC") by and through counsel, Catherine Cortez Masto, Attorney General of the State of Nevada, and Micheline N. Fairbank, Senior Deputy Attorney General, hereby oppose Plaintiff's Motion for Declaratory Judgment and Request for Injunctive Relief (#177)[1]  This Opposition is based upon the following Memorandum of Points and Authorities and all papers and pleadings on file in this matter.

/ / /

/ / /

/ / /

/ / /

---

[1] This number refers to the Court's docket number.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   Introduction And Factual Summary

Plaintiff's Motion is improper as the underlying action in this case has been fully adjudicated by this Court, a judgment entered and the case closed.  (#162)  Further, all briefing relating to this matter has been fully exhausted.  (#173)  Moreover, as of October 15, 2014, this Court has been divested of jurisdiction of this matter as Defendants appealed the final orders of this Court to the Ninth Circuit Court of Appeals.  (#178)  As such, Plaintiff's Motion must be denied as this Court does not have jurisdiction.  Alternatively, Plaintiff's Motion should be stricken as redundant, immaterial, and impertinent, as Plaintiff's claims have been fully resolved and Plaintiff's Motion is a rogue document in this matter.

### II.   Discussion

#### A.   This Court No Longer Has Jurisdiction Over This Matter

Once a party files a notice of appeal, the court is divested of jurisdiction to determine matters involved in the appeal.  *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982).  The Ninth Circuit has held that where a notice of appeal has been filed, the district court is divested of jurisdiction on the merits, but retains jurisdiction over collateral issues, such as an award of attorney's fees.  *See League of Women Voters v. FCC*, 751 F.2d 986, 990 (9th Cir. 1985) ("a district court in this circuit retains jurisdiction to rule upon a request for attorney fees."); *See also Leslie v. Grupo ICA*, 198 F.3d 1152, 1160 (9th Cir. 1999); *Moore v. Permanente Med. Group, Inc.*, 981 F.2d, 443, 445 (9th Cir. 1992).

Here, Plaintiff's Motion is directly related to the issues on appeal, the merits of the case and the determination as to whether Plaintiff is entitled to seek a declaratory judgment for relief specifically requested by means of his Complaint relating to issues regarding whether Defendants' are in violation of Plaintiff's rights under the Religious Land Use and Institutionalized Persons Act (RLUIPA) are material issues directly related to the issues upon which Defendants have appealed.  As such, this Court is divested of jurisdiction to rule on this matter, and as such, Plaintiff's Motion must be denied.

/ / /

Office of the
Attorney General
100 N. Carson Street
Carson City, NV
89701-4717

### B. Plaintiff's Motion Should Be Stricken

Pursuant to FRCP 12(f), the court may strike any pleading that is "redundant, immaterial, impertinent, or scandalous." Although FRCP 12(f) references on only "pleadings," courts have shown a willingness to strike improperly filed documents even when such stricken documents are not pleadings. *See Center for Biological Diversity v. U.S. Fish & Wildlife Service*, 450 F.3d 930, 944 (9th Cir. 2006) (district court did not abuse its discretion in striking a plaintiff's "extra-record" document because the document was offered for an impermissible use); *Monitor Pipe & Steel Co. v. Flanigan Warehouse Co.*, 63 Nev. 449, 451 (1946) (court noted that bills of exception could be stricken if superfluous and without value); *Hambleton Bros. Lumber Co. v. Balkin Enterprises, Inc.,* 397 F.3d 1217, 1226 (9th Cir. 2005) (court granted motion to strike an errata notice and witness' declaration where the filing of such papers did not comport with procedural rules).

Here, Plaintiff's Motion, brought after the disposition of this matter is redundant, immaterial, and impertinent. The premise for Plaintiff's Motion is not supported in law and Plaintiff's issues which he raises are issues which he would have raised during the dispositive briefing by the parties in this matter. The basis for Plaintiff's Motion and it is nothing more than a gratuitous and belated attempt to hit below the belt. There is simply no basis to support Plaintiff's argument that Defendant's good faith defense based upon the previous ruling by Judge Pro in the *Fletcher v. Whorton, et al.,* 2:06-cv-00818-PMP-GWF, matter warrants the relief sought. Defendants reasonably relied upon the Court's rulings, which were made after a bench trial, in defending against this action. Moreover, while Plaintiff's intent may be to impose some form of "punishment" against Defendants, should the Court grant Plaintiff's requested relief the argument could be made that the provisions under RLUIPA would no longer be applicable to Defendants. Specifically, RLUIPA provides that the application of the statute applies in any case where "the substantial burden is imposed in a program or activity that receives Federal financial assistance …" 42 U.S.C. § 2000cc-1(b)(1).

Plaintiff's Motion is a rogue document, not founded on proper procedural mechanisms or within established law, as such, the Motion should be stricken.

Office of the
Attorney General
100 N. Carson Street
Carson City, NV
89701-4717

### III. Conclusion

Based upon the foregoing, Defendants respectfully requests that Plaintiff's Motion be denied or alternatively Plaintiff's Motion be stricken as a redundant, immaterial, and impertinent document.

Dated this 24th day of October, 2014.

           CATHERINE CORTEZ MASTO
           Attorney General

By: *[signature]*
           MICHELINE N. FAIRBANK
           Senior Deputy Attorney General
           Bureau of Litigation

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I certify I am an employee of the Office of the Attorney General, State of Nevada, and that on October 24, 2014, I caused to be deposited for mailing a copy of the foregoing **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR DECLARATORY JUDGMENT AND REQUEST FOR INJUNCTIVE RELIEF**, addressed as follows:

Anthony Thomas Chernetsky #44502
Warm Springs Correctional Center
P.O. Box 7007
Carson City, NV 89702

_____
An Employee of The Office of
The Attorney General

Office of the
Attorney General
100 N. Carson Street
Carson City, NV
89701-4717

5