# EXHIBIT 4

Declaration of David Frobes

# EXHIBIT 4

## DECLARATION OF DAVID FROBES

I, David Frobes, am over the age of 18 and am otherwise fully competent to testify to the facts contained in this declaration.

1. The statements contained in this declaration, except where otherwise indicated to be upon information and belief, are based on my personal knowledge and experience.

2. In connection with the filing of this declaration, I was contacted by Douglas R. Rands, a Deputy Attorney General of the Nevada Attorney General's Office, who, on information and belief, represents the Defendants in the matter *Chernetsky v. State of Nevada, et al.*, case no. 3:06-cv-00252-RCJ-WGC.

3. I am not a named Defendant in the current action.

4. I am employed by the Nevada Department of Corrections (NDOC) as the Acting Associate Warden for Warm Springs Correctional Center.

5. In my capacity as Acting Associate Warden, I am among those responsible for reviewing and maintaining Administrative Regulations, Warm Springs Operational Procedures, and inmate grievances.

6. I have examined AR 810, effective XXX, and a true and accurate copy is attached as Exhibit 1.

7. As part of my responsibilities as Acting Associate Warden, I am responsible for ensuring the security of Warm Springs Correctional Center. Further, I review proposed inmate requests to determine whether the request poses a security threat to the institution.

8. I have reviewed the security concerns posed by Inmate Chernetsky's request to possess and use scented oils. In my opinion, Inmate Chernetsky's proposed accommodation poses the following security concerns.

9. Scented oils are flammable under the right conditions. Inmates may not possess flammable materials as it constitutes a significant danger to inmates, staff and

the facility, be it danger of fire within a cell, staff attack, inmate attack, destroying contraband.

10. Inmates may use scented oils to mask the scent of drugs and contraband.

11. Inmates may use scented oils to create slippery surfaces, which create a danger to other inmates or staff.

12. These oils can be used on the inmates own bodies to avoid cell extraction.

13. The incense oil has been used to create contraband inks, tattoo inks, and also inmate made alcohol, known as "pruno."

14. The empty vials that contain the scented oils may be used to hide drugs, or mix other banned substances.

15. The oils provide possible harm to other inmates from allergic reaction due to possession of oil in cells, or excessive use of scents on skin or clothing.

16. The oils created a staffing and safety concern in that scented oil/perfumes may be used for illegal bartering.

17. The most significant burden fell on the mail room and intake staff, because institutions will likely receive numerous unauthorized packages for inmates from outside persons that contained scented oils and perfumes.

18. In the event that the inmate did pre-approve a package with scented oils, it is incumbent upon the staff to determine potential danger to other inmates or staff, or whether the oils are tainted prior to allowing inmate possession.

19. In the event that staff determined the oils sent from outside persons were unsafe, tainted, unapproved, or otherwise improper, NDOC must return the packages and undertake the cost and time to do so.

20. Allowing Chernetsky to possess scented oils in his cell will have an effect on the Chaplains and RRT, as they will need to undertake an individual study of suitability of scented oils for each recognized religion.

Pursuant to 28 U.S.C. § 1746 Declarant certifies, under penalty of perjury, that the foregoing is true and correct.

CHERNETSKY 252: Def. MSJ Exh. 4 - 002

Executed this __21__ day October, 2020, in Carson City, Nevada.

*/s/ David Frobes*
David Frobes
Acting AG