Anthony Thomas Chernetsky #44502
Warm Springs Correctional Center
PO Box 7007
Carson City, Nevada  89702
Petitioner In Proper Person



FILED ✓ / RECEIVED ___
ENTERED ___ / SERVED ON ___
COUNSEL/PARTIES OF RECORD

NOV - 5 2020

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

"COPY RETURNED as to 1st 7 pgs

| ANTHONY THOMAS CHERNETSKY,<br>            Plaintiff,<br><br>vs.<br><br>THE STATE OF NEVADA et al..,<br>            Defendants. | Case No. 3:06-cv-00252-RCJ-WGC<br><br>OPPOSITION TO DEFENDANTS<br>MOTION FOR SUMMARY JUDGMENT |
|---|---|

COMES NOW the plaintiff, Anthony Thomas Chernetsky, acting without the assistance of counsel and hereby submits his Opposition to Defendants Motion for Summary Judgment. This Motion is made and based upon all of the pleadings and documents on file in this matter, including the appellate filings, the following points and authorities and arguments with attached affidavit and is made pursuant to F.R.Cv.P. Rule 56.

Dated this 2nd day of November 2020.

_____
Anthony Thomas Chernetsky
Plaintiff In Proper Person

MEMORANDUM OF POINTS AND AUTHORITIES AND ARGUMENT

I.  NATURE OF THE MOTION

Pursuant to this Courts Orders (DK 269) & (DK 272) as well as F.R.Cv.P Rule 56 and Local Rule 56-1, Plaintiff is filing his Opposition to Defendants Motion for Summary Judgment in a timely manner.

II.  STATEMENT OF THE CASE

This Court, on remand from the Ninth Circuit, attempted to resolve the issue of natural oils. After an agreement could not be reached with defendants, Plaintiff notified the Court. Plaintiff filed his Motion for Summary Judgment, pursuant to this Court's order (DK 269), on October 1, 2020. Conversely, Defendants waited until the very last day to file their Motion for Summary Judgment -- October 22, 2020. Plaintiff is now filing his timely Opposition to Defendants Motion as is allowed by F.R.Cv.P. Rule 56 and this Courts Order.

Of note here is that Defendants did not timely file an opposition to Plaintiff's Summary Judgment Motion.

III.  STATEMENT OF FACTS NOT GENUINELY IN ISSUE

Because Defendants failed to timely file an Opposition to Plaintiffs Motion for Summary Judgment, which was placed into the hands of the law library supervisor for mailing on September 29, 2020 and filed by the Clerk on October 1, 2020, Plaintiff's Summary Judgment is unopposed. Therefore, the following list of facts are not disputed by Defendants:

1) That on appeal to the Ninth Circuit the Defendants moved to voluntarily dismiss their appeal (9th Cir. Docket Entry 64 in case No. 14-17015 & 15-15146), see Exhibit 'A' attached hereto.
2) That on 11 December 2017 the Ninth Circuit filed a Memorandum as its final order. See attached Exhibit 'B.'
3) That on 14 May 2019 a hearing was held in order to determine the status of this case regarding natural anointing oils. At this hearing counsel for the Defendants read into the record the ingredients of the product sold by the NDOC (for profit) for use as 'religious oil.' The Court noted that there was no 'oil' contained in the product, to which counsel for the Defendants agreed. The Court then made it clear that the Ninth Circuit Order clearly said that Plaintiff was entitled to natural oils.
4) That Plaintiff attempted to obtain a settlement with the Defendants regarding essential/natural oils as directed by this Court. See attached Exhibit 'C' for correspondence between Plaintiff and Defendants counsel.
5) That Plaintiff attempted to obtain natural oils but the Chaplain at the Warm Springs Correctional Center interfered with this request even though the request was properly executed. See attached Exhibit 'D.'

6) That since Defendants voluntary dismissal of their appeal, wherein they notified the Ninth Circuit of Plaintiff's renewed access to anointing oils, Plaintiff has not been permitted such access.
7) The Dyaddic Book of Shadows, which has already previously been submitted as evidence in this case, has been referenced extensively and shows the need and proper use of natural oils for ritual. See attached Exhibit 'E.'

IV.   DEFENDANTS MOTION FOR SUMMARY JUDGMENT

Issues not disputed

1) Plaintiff is an inmate within the NDOC and is housed at WSCC
2) Plaintiff is characterized as a Wiccan
3) NRS 209.111 & NRS 209.131 set out legal obligations for the NDOC to set up regulations to manage the department
4) AR810 is a regulation developed to regulate inmate religious practices

Issues in dispute

1) Defendants claim that R 810 was revised in Nov 2016 (Def's Ex 2). However, previously the NDOC and its counsel informed the Ninth Circuit that AR810 was revised on "September 5, 2017 and September 11, 2017 (Def's Motion to voluntarily dismiss Appeal pg 3. lines 15-17 - Exhibit 'A' to Plaintiffs Motion for Summary Judgment)
2) Defendants claim that "Inmates can purchase… oils… through the canteen." But as discussed in Plaintiffs Motion for Summary Judgment, there are no religious oils available as the Court heard directly from the DAG at the May 14, 2019 hearing, and then agreed, that there is no oil in the perfumes offered by the NDOC. Additionally, the inmate canteens do not carry the 'religious' items that the NDOC sells at a considerable prices increase for profit. (See chart attached to Plaintiffs Motion for Summary Judgment in Exhibit 'C'). You have to go through the Chaplain to purchase these items, which is a lengthy process.
3) Defendants claim, wrongly, that they never notified the Ninth Circuit about including the anointing oils in their Motion to Voluntarily Dismiss. But clearly they did as they directed that Courts attention to the "Second Br. On Cross-Appeal 67-73 (anointing oil)" while claiming that some of Plaintiff's "claims of error are likely mooted by the revised regulation."
4) Any claim , in a declaration or other argument, that states that allowing essential/natural oils for ritual use is a financial burden and significantly impacts WSCC's operations is patently false. AR810 specifically states that anointing oils are for "group use only, to be stored under control of the Chaplain…" (Def. MSG Ex3-002). Defendants OWN EXHIBIT, clearly states the storage procedure. Additionally, AR810 also allows for donations of items (see Exhibit A attached hereto). Therefore, since the procedure is already in place Defendants CANNOT CLAIM some unseen burden as the exact same procedures would, presumably, be followed for oils donated for religious use. It should be noted here that the same storage and access for incense sticks/canes is in effect and the

3

procedure for access is simple and straightforward… you use the item and if anything is unused it is returned to the Sgt's office in Operations at WSCC.

5) Defendants are attempting to introduce material from outside the record of this matter. Plaintiff asks that all information relating to deathrow inmate Beraha and his case be stricken from this matter. The Court should take note that Beraha is housed at Ely Max and is on deathrow, (CMU). Plaintiff has never been housed on deathrow and has worked his way to the lowest medium custody classification available within the NDOC - WSCC. Further, it appears that Beraha is geared towards deathrow as that is where he his housed. Plaintiff is not a party to Beraha's action and is not associated with that litigation. (see this Courts Report and Recommendation from Judge Cobb in this matter as that issue was addressed very clearly) (DOC #154 pgs. 11-13)
6) The Defendants conceded the anointing/natural oil claim when they ABANDONED it at the Ninth Circuit in their Motion to Voluntarily Dismiss their Appeal.

## DECLARATION OF DAVID FROBES

Plaintiff submits that the Declaration of David Frobes in proffered in Bad Faith pursuant to F.R.Cv.P. Rule 56 (h). Acting Associate Warden (AW) Frobes' Declaration is a cut and pasted copy of Associate Warden Drummonds' Declaration. AW Frobes signed a blank third page. It appears that Senior Deputy Attorney General Douglas R. Rands is the responsible party for this bad faith action.

The following are the exact duplicates from both declarations:

| DAVID FROBES, Acting A.W. WSCC 21 October 2020 | DAVID DRUMMOND, A.W. ESP as used on 27 April 2020 |
|---|---|
| No. 9 | No. 1  pg. 13  R&R Beraha case |
| No. 10 | No. 2  pg. 14  R&R Beraha case |
| No. 11 | No. 3  pg. 14  R&R Beraha case |
| No. 12 | No. 4  pg. 14  R&R Beraha case |
| No. 13 | No. 5  pg. 14  R&R Beraha case |
| No. 14 | No. 6  pg. 14  R&R Beraha case |
| No. 15 | No. 7  pg. 14  R&R Beraha case |
| No. 16 | No. 8  pg. 14  R&R Beraha case |
| No. 17 | No. 1  pg. 15  R&R Beraha case |
| No. 18 | No. 2  pg. 15  R&R Beraha case |
| No. 19 | No. 3  pg. 15  R&R Beraha case |
| No. 20 | No. 4  pg. 15  R&R Beraha case |

(BERAHA v. STATE OF NEVADA, et al. 3:17-cv-00366-RCJ-CLB)

      First off let us deal with a couple errors in relation to why the FROBES Declaration is very wrong:

1) No. 6 does not even have the effective date of the AR810 that FROBES alleges to have examined.
2) If FROBES, on No. 8, reviewed security concerns posed by Chernetsky's request, he obviously had not reviewed the actual process for use and storage of oils for religious use, (see defendants MSJ pg 11, lines 8-11 "Accordingly, it should be noted that AR810 does allow the use of scented oils for religious purposes in a group setting…"). Defendants admit that there is already a procedure in place for storage and use of "scented oils", so either FROBES is presenting false information through his Declaration, <u>or</u> SDAG RANDS is misleading the court. The reality is that there is a procedure in place that WILL NOT cost the NDOC or WSCC any financial burden or significant burden on mailroom staff.
3) The whole of FROBES Declaration is borrowed from A.W. DRUMMOND. Because SDAG RANDS has seen fit to commit fraud upon the court, this court should strike the entire Motion for Summary Judgment. There is no mistake here. Plaintiff alleges BAD FAITH on the part of SDAG RANDS as he, with malicious intent, duped Acting A.W. FROBES into signing something that he was told was okay to do. Plaintiff <u>never</u> made a request to maintain anointing oils in his cell, as is alleged in the FROBES Declaration. Plaintiff, who has known FROBES since 2014, believes that if FROBES actually knew what RANDS was saying in the Declaration then he most assuredly would not have signed it. Unless, FROBES is complicit in the fraud being played out in this Court. Self-serving Declarations, without proof, are not allowed. WSCC does not have any regular problems with "cell extractions" or the use of religious items to mask anything. In fact, because this is the lowest medium custody facility in the NDOC inmates can purchase through the canteen a Renuzit solid air freshener. As Plaintiff has two cats in his cell that he cares for, he bought one of the Renuzits recently to use in his cell.
4) Importantly, none of the allegations within the FROBES Declaration APPLY to Plaintiff nor WSCC. This not CMU or Ely Max. It appears that SDAG RANDS is trying to re-litigate something that his office ABANDONED at the Ninth Circuit. Bringing information from outside the record in this matter should not be allowed either. Whatever the conditions of RANDS mind, this Court should not permit the intrusion into this matter of information outside the record especially when it appears there is fraud involved.

## ARGUMENT

      Defendants Motion for Summary Judgment should be dismissed and all information from outside of the record in this matter stricken. For years Defendants tried to convince the Court and Plaintiff that the baby oil sold in the canteen was good for ritual. Now they claim that a small amount of anointing oil, kept by staff as the procedure allows, is a security threat. Yet the Defendants will not tell the truth… Plaintiff could purchase a 14 ounce bottle of baby oil from the canteen and keep it in his cell, while the 1 ounce bottle of anointing oil is only checked out for ritual use and is stored in the Sgt.'s office in Operations at WSCC. Maybe FROBES was unaware of the safety procedure already in place where he is "responsible for ensuring the security of Warm Spring Correctional Center," (FROBES Declaration #7). Furthermore, the

NDOC store list sells six different perfumes as "religious oils." If there was a problem with this then assuredly FROBES would have been apprised of any such security threats. But alas, there is no security threat, and attempting to use a threat prediction to curb religious access is a no-no according to the Ninth Circuit. See Greene v. Solano Cnty. Jail, 513 F. 3d 982 (9th Cir. 2008) (also cited in the Ninth Circuits 2010 remand in this matter).

## CONCLUSION

Plaintiff asks that this Court GRANT his Motion for Summary Judgment and deny/strike Defendants Motion as it contains fraudulent matter injected at SDAG RANDS' direction and attempts to bring in information not contained in the record of this case.

Simply put, Defendants failed to oppose Plaintiffs Motion for Summary Judgment. Defendants Counsel is a trained attorney with years of education and experience. He undoubtedly has many paralegals and research assistants working for him yet submits a document full of baseless drivel. Plaintiff asks this Court to cut straight to the meat here and issue an Order granting Summary Judgment for Plaintiff as his Motion was unopposed, and because the Defendants ABANDONED this claim at the Ninth Circuit.

Further, Plaintiff asks that the behavior of SDAG RANDS be looked into as he has committed fraud upon the Court. Whatever his intent was matters not. He is an Officer of the Court and should have to answer to this Court for that fraud.

Plaintiff asks that the current procedure be maintained for storage of 'oils' for use during ritual and that the long time (over 30 years) approved Wiccan vendor of AzureGreen be approved for anointing oil purchases/donations.

Dated this 2nd day of November 2020.

Anthony Thomas Chernetsky
Plaintiff In Proper Person

## CERTIFICATE OF SERVICE

I hereby certify that I mailed a true and correct copy of the foregoing opposition to:

> DOUGLAS R. RANDS, SDAG
> 100 N. Carson Street
> Carson City, Nevada 89701-4717

Dated this 2nd day of November 2020.

Anthony Thomas Chernetsky
Plaintiff In Proper Person

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| ANTHONY THOMAS CHERNETSKY,<br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>THE STATE OF NEVADA et al..,<br>　　　　　　　　　　Defendants. | Case No. 3:06-cv-00252-RCJ-WGC<br><br>AFFIDAVIT OF<br>ANTHONY THOMAS CHERNETSKY |

I, Anthony Thomas Chernetsky, do hereby declare and state as follows:

1) I am the plaintiff in the above-captioned matter and I am over the age of 21 yrs.
2) I am a citizen of the United States of America, being born in Arlington Heights, Illinois on July 28, 1972.
3) I am housed within the NDOC at WSCC.
4) That the information contained within my Opposition to Defendants Summary Judgment is, to the best of my knowledge, true and correct and is not meant to hinder or delay.
5) That the exhibit attached hereto is true and correct and is an attachment to AR810's Religious Practice Manual.
6) That I am competent to testify in regards to this information if called upon by the Court.

Further, your Affiant sayeth NAUGHT! This Affidavit is made under penalty of perjury pursuant to 28 U.S.C. § 1746.

Dated this 2nd day of November 2020.

　　　　　　　　　　　　　　　　　　　　　　Anthony Thomas Chernetsky
　　　　　　　　　　　　　　　　　　　　　　Plaintiff In Proper Person



# Request for NDOC to Accept Donated Items

To:    1st Warden of Prison/Division Head listed below.
       2nd If Warden/Division Head approves forward to Deputy Director for final decision.
       3rd If the Deputy Director approves, forward to Fiscal Services. If not, return to Warden/Division Head.
       4th Fiscal Services will scan and email a copy of the final approval back to originating Warden/Division Head.

Date: _____

Prison/Division: _____
Fill in Prison or NDOC Division name or initials here

Who is requesting to donate items to the NDOC? An Individual ☐ or an Association ☐
Person or Association Print Name _____
Donators' Signature_____ Date _____
Address _____
City _____ State _____ Zip_____
Phone #_____Email address _____

I/we request to donate the following items:
1. _____
2. _____
3. _____
4. _____
5. _____
6. _____
Estimated Total Dollar Value $ _____

Comments: _____

---

Warden/Division Head Recommendation:     Approve ☐    Deny ☐

_____     _____
Wardens/Division Head Signature                     Date

<u>Deputy Director's decision:</u> The request to donate items listed above is:   Approved ☐   Denied ☐

_____     _____
Deputy Directors Signature                             Date

---

**FISCAL SERVICES ONLY**
1. DOA Approval Date: _____
2. PDR: yes ☐   no ☐
3. DOC Purchasing Date: _____
4. Facility/Div. Date: _____

Original: Chief of Fiscal
Copy: Warden/Division Head of Originating Facility

DOC 4514 (3-17)

EXHIBIT 'A'