AARON D. FORD
  Attorney General
DOUGLAS R. RANDS, Bar No. 3572
  Senior Deputy Attorney General
State of Nevada
Public Safety Division
100 N. Carson Street
Carson City, NV  89701-4717
Tel: (775) 684-1150
E-mail:  drands@ag.nv.gov

*Attorneys for Defendants*
*Jane Foraker-Thompson, Donald Helling,*
*Dorothy Nash Holmes, Robert LeGrand,*
*Jack Palmer, Cheri Scott, Lenard Vare,*
*Glen Whorton, and the State of Nevada*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ANTHONY THOMAS CHERNETSKY,<br><br>Plaintiff,<br><br>v.<br><br>THE STATE OF NEVADA, et al.,<br><br>Defendants. | Case No. 3:06-cv-00252-RCJ-WGC<br><br>**OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 270)** |

Defendants, Jane Foraker-Thompson, Donald Helling, Dorothy Nash Holmes, Robert LeGrand, Jack Palmer, Cheri Scott, Lenard Vare, Glen Whorton, and the State of Nevada (Defendants), by and through counsel, Aaron D. Ford, Attorney General of the State of Nevada, and Douglas R. Rands, Senior Deputy Attorney General, hereby oppose Plaintiff's Motion for Summary Judgment (ECF No. 270). This Opposition is made and based upon the attached Points and Authorities, the papers and pleadings on file herein, and such other and further information as this Court may deem appropriate.

### MEMORANDUM OF POINTS AND AUTHORITIES

### I.  FACTUAL ANALYSIS

Plaintiff is a *pro se* inmate litigant, currently incarcerated by the NDOC at Warm Springs Correctional Center (WSCC). Plaintiff commenced this action by filing a Civil Rights Complaint that was screened and entered on July 7, 2006. (ECF Nos. 5 and 6) In Plaintiff's Complaint, he alleged two causes of action: a RLUIPA violation, and a violation of the Free Exercise Clause of the

1

First Amendment. He also alleged that Defendants violated his Fourteenth Amendment Equal Protection rights. (ECF No. 6.) Plaintiff generally alleged that the implementation of NDOC AR 810 impinged his religious freedoms under RLUIPA and the First Amendment, and that he was transferred from Lovelock Correctional Center ("LCC") in retaliation for his attempts to seek redress. *Id*.

On October 11, 2006, Defendants moved to dismiss Plaintiff's Complaint. (ECF No. 22.) Plaintiff opposed Defendants' motion on October 25, 2006. (ECF No. 28.) This Court considered Defendants' Motion to Dismiss as a Motion for Summary Judgment and granted Defendants summary judgment as to all claims on July 13, 2007. (ECF No. 37.)

Plaintiff appealed the dismissal of his Complaint on April 30, 2008, to the Ninth Circuit Court of Appeals. (ECF No. 44.) On July 29, 2010, the Ninth Circuit Court of Appeals issued a Memorandum affirming in part and vacating in part this Court's order granting Defendants' summary judgment. (ECF No. 51.) In the Ninth Circuit's Memorandum, the Court considered Plaintiff's claims as asserted under RLUIPA. *Id*. at p. 2. The Court found a genuine issue of material fact as to whether the Defendants had established a compelling governmental interest in restricting Plaintiff's religious exercise under RLUIPA, in particular his access to a sweat lodge, and that Defendants had not demonstrated that AR 810 was the least restrictive means in furthering the Defendants' interest. *Id*. The Ninth Circuit did not consider Plaintiff's Constitutional claims under the First and Fourteenth Amendments as Plaintiff did not raise them on appeal. *Id*. at p. 3. This Court issued its Order on Mandate on September 22, 2010. (ECF No. 53.)

On June 26, 2012, Defendants answered Plaintiff Complaint. (ECF No. 69.) On December 27, 2012, the Court issued its Scheduling Order in this matter. (ECF No. 83.) The Plaintiff filed an Amended Complaint on March 27, 2013. (ECF No. 89). The Defendants filed a Motion for Summary Judgment (ECF No. 123). This Motion addressed Plaintiff's RLUIPA claim and the many accommodations he was demanding, including his demand for anointing oils. (Id.). Plaintiff filed a separate Motion for Summary Judgment on June 24, 2013. (ECF No. 127). On August 14, 2013, the Magistrate Judge issued his Report and Recommendation (R & R) (ECF No. 140). Magistrate Judge

///

1  Cobb also issued a second R & R on January 1, 2020.  (ECF No. 154).  The District Court issued its
2  Order granting in part and denying in part the Recommendations of the Magistrate Judge.
3      The Court's order was appealed by both parties.  The Ninth Circuit vacated the rulings of this
4  Court because the NDOC Religious Practice Manual was amended after the appeal was filed which
5  "changed [Plaintiff's] access to oils" (ECF No. 248).  The matter was remanded to this Court to
6  determine if there is still a dispute and to adjudicate the matter based on current regulations.  (Id.).
7      After some unsuccessful negotiations between the parties, this Court ordered each party to file
8  a Motion for Summary Judgment by October 22, 2020.  (ECF No. 269).  Plaintiff filed his Motion for
9  Summary Judgment on October 1, 2020 (ECF No. 270).  The Court ordered that the opposition to the
10 Motion for Summary Judgment or response brief be filed by November 23, 2020.  (ECF No. 269).
11 This is that Opposition.

12 **II.     STATEMENT OF PERTINENT UNDISPUTED FACTS**

13     Plaintiff is an inmate incarcerated by the NDOC and currently housed at WSCC. For purposes
14 of this litigation, Plaintiff's religious affiliation is characterized as Wiccan, a religious faith
15 recognized by NDOC.  (Exhibit 1) In developing AR 810, as adopted on June 7, 2004, NDOC spent
16 three years drafting, reviewing, editing and ultimately adopting the regulation. (Exhibit 2.) When
17 promulgating AR 810, NDOC officials researched the various religions practiced by inmates within
18 its institutions. *Id*. As part of that research, NDOC employees consulted with outside experts on
19 various religions. *Id*. Specific to the Wiccan faith, NDOC officials also reviewed texts and considered
20 information from individuals considered to have extensive knowledge relating to the Wiccan faith or
21 respected as experts relating to the Wiccan faith. *Id.*  In November of 2016, the AR was revised.
22 (Exhibit 2).
23     Additionally, when promulgating AR 810, NDOC sought input from inmates who contributed
24 ideas and suggestions, both orally and in writing, as to the Wiccan faith. *Id*.  These ideas
25 and suggestions from inmates addressed, among other things the issues raised by Plaintiff in his
26 Amended Complaint.  *Id*.
27     State law legally obligates NDOC to protect the safety and security of inmates, staff and the
28 general public. NRS 209.131. In this regard, the relevant statutes mandate NDOC create regulations

1  for the purpose of carrying out its legal obligations under the law. NRS 209.111. NDOC adopted AR
2  810 pursuant to the legal authority under the laws of the State of Nevada. NRS 209.131.
3       AR 810 provides regulations concerning inmate religious practices. Inmates can
4  purchase herbs, minerals, oils and incense through the institutional canteen.
5  Administrative Regulation 810.2 attached as Exhibit 3. However, these items must be
6  stored under control of the Chaplain or brought in by volunteers for use in services, and
7  taken out after the service. (Id.)

8  **III.    STANDARD FOR SUMMARY JUDGMENT**

9       Summary judgment should be granted where a party fails "to make a showing sufficient to
10 establish the existence of an element essential to that party's case, and on which that party will bear the
11 burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).  The court shall consider
12 all admissible affidavits and supplemental documents attached to a motion for summary judgment.  *See*
13 *Connick v. Teachers Ins. & Annuity Ass'n,* 784 F.2d 1018, 1020 (9th Cir. 1986).  The moving party has
14 the initial burden of demonstrating that summary judgment is proper, *Adickes v. S.H. Kress & Co.,* 398
15 U.S. 144, 152 (1970), and factual inferences should be drawn viewed in the light most favorable to the
16 nonmoving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986).

17      To defeat summary judgment, the non-movant must present "specific facts showing there is a
18 genuine issue for trial." *Anderson*, 477 U.S. at 256.  The non-movant's evidence should be such that a
19 "fair minded jury could return a verdict for [him or her] on the evidence presented." *Id*. at 255.  The
20 opposing party is not required to establish a material issue of fact conclusively as it is enough that "the
21 claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of
22 the truth at trial." *T.W. Elec. Serv.*, *Inc. v. Pacific Elec. Contractors Ass'n,* 809 F.2d 626, 631 (9th Cir.
23 1987).  The evidence of the non-moving party is to be believed, and all reasonable inferences that may
24 be drawn from the facts placed before the Court must be drawn in favor of the opposing party.
25 *Anderson*, 477 U.S. at 255.

26 ///
27 ///
28 ///

4

## IV. LEGAL ARGUMENT

### A. Plaintiff's Allegations are only supported by his Uncorroborated Testimony

Plaintiffs Motion for Summary Judgment contains only declarations from the Plaintiff himself with no other evidence supporting his allegations as to the religious requirements. Plaintiffs Motion fails to demonstrate the existence of a genuine issue of material fact necessitating a trial in this matter because it is entirely premised on his self-serving statements and subjective opinion. There is no objective fact in the record supporting or corroborating Plaintiff's claims.

"' Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Scott v. Harris*, 550 U.S. 372, 380 (2007) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S 574, 586 -87 (1986)). The United States Supreme Court has stated that "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott*, 550 U.S. at 380

The Ninth Circuit Court of Appeals, in *Manley v Rowley*, 847 F. 3d 705 (9th Cir. 2017) held:

> We have refused to find a "'genuine issue' [as to a material fact] where the only evidence presented is 'uncorroborated *711 and self-serving' testimony." *Villiarimo v. Aloha Island Air, Inc*., 281 F.3d 1054, 1061 (9th Cir. 2002) (quoting *Kennedy v. Applause, Inc.,* 90 F.3d 1477, 1481 (9th Cir. 1996)).  However, because a party's own testimony will nearly always be "self-serving," the mere self-serving nature of testimony permits a court to discount that testimony where it "states only conclusions and not facts that would be admissible evidence." *Nigro v. Sears, Roebuck and Co*., 784 F.3d 495, 497–98 (9th Cir. 2015). Moreover, a court ruling on a motion for summary judgment may not engage in "[c]redibility determinations" or "the weighing of evidence," as those are functions reserved for the jury. *Anderson v. Liberty Lobby*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

Here, Plaintiff's only evidence as to his religious requirements is his uncorroborated declaration, with no other admissible supporting evidence.  He filed exhibits with his filing, but did not serve the exhibits on the Defendants.  Plaintiff did send correspondence stating that he did not have sufficient funds to serve copies of the exhibits on the Defendants and referring the Defendants to the pacer filing. (Exhibit 4). In review of the Exhibits, they include filings from the Ninth Circuit Court of Appeals, Correspondence between Plaintiff and a Deputy Attorney General, NDOC forms and a publication called Dyaddic Book of Shadows.  Unfortunately, there is no declaration or affidavit authenticating the

publication as an authoritative text on the requirements of the Wiccan religion. Plaintiff will argue that the book is in evidence. However, for Summary Judgment, it is not authenticated. Therefore, it is not relevant evidence in support of his Motion for Summary Judgment.

### B.     Plaintiff misapprehends the Ruling of the Ninth Circuit relating to Oils.

In his Motion for Summary Judgment, Plaintiff argues that there is no standing on the part of the Defendants to argue against Summary Judgment as they "acquiesced to natural oil access by their own hand…[t]hen also by the Mandate of the Ninth Circuit" (ECF No. 270 at 2). Exhibit A, (ECF No. 270 at 6) is a copy of the Defendants Motion to Voluntarily Dismiss their appeal. The Defendant's appeal was on the Court's Denial of Summary Judgment on Plaintiff's access to a sweat lodge issue. (ECF No. 270 at 9) It had nothing to do with Plaintiffs appeal of the oils issue.

The Mandate of the Court of Appeals Vacated the Judgment on this issue and remanded to this Court to determine if there is still a dispute, based on the amendments to AR 810. It did not hold Plaintiff was entitled to have any oil he wanted. Therefore, Defendants do have standing to oppose Plaintiff's Motion for Summary Judgment.

### C.     Plaintiff does not Show he is Entitled to Judgment on his Claims.

Plaintiff's Motion for Summary Judgment is fatally deficient in that he does not support his claims for relief. He merely claims the facts presented are material and undisputed. (ECF No. 270 at 2). However, he does not show or argue how these facts support his position.

RLUIPA provides "[n]o [state or local] government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution," unless it meets the strict scrutiny standard of furthering a compelling governmental interest by the least restrictive means possible. 42 U.S.C. § 2000cc-1(a)(1)-(2). The RLUIPA replaced the penological interest standard with the strict scrutiny standard. *Warsoldier v. Woodford*, 418 F.3d 989, 1001-1002 (9th Cir. 2005); see also *Cuttler v. Wilkinson*, 544 U.S. 709, 717, 125 S.Ct. 2113, 161 L.Ed.2d 1020 (2005). The United States Supreme Court set forth the Turner factors to ascertain the reasonableness of a prison regulation: (1) a valid, rational connection between the regulation and the legitimate governmental interest; (2) the existence of an alternative means of exercising the right; (3) the impact of accommodation on the guards and other inmates as well as the allocation of prison resources; (4) the absence of ready alternatives which supports reasonableness of the

1   government regulation. *Turner v. Safley*, 482 U.S. 78, 89-90, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1983). The
2   effect of RLUIPA on the Turner test is simply the insertion of the burdens on the strict scrutiny standard: to
3   determine if the intrusion is the least restrictive means of accomplishing the compelling government
4   interest. The Supreme Court has considered RLUIPA and held it does not eliminate the deference given to
5   prison administrators who are charged with running state institutions. *Cutter*, 544 U.S. at 709.

6       To prevail on his RLUIPA claim, Plaintiff must first show a "substantial burden" on his exercise
7   of religion. *Shakur v. Schriro*, 514 F.3d 878 (9th Cir. 2008). Although RLUIPA does not define
8   "substantial burden," the Ninth Circuit has stated a substantial burden is one that is "'oppressive' to a
9   'significantly great' extent. That is, a 'substantial burden, on religious exercise' must impose a
10  significantly great restriction or onus upon such exercise." *Warsoldier*, 418 F.3d at 995 (quoting *San
11  Jose Christian Coll. v. City of Morgan Hill*, 360 F.3d 1024, 1034 (9th Cir. 2004)). The burden need not
12  concern a religious practice that is compelled by, or central to, a system of religious belief, see 42
13  U.S.C. § 2000cc-5(7)(A); however, the burden must be more than an inconvenience. *Navajo Nation v.
14  U.S. Forest Service,* 479 F.3d 1024, 1033 (9th Cir. 2007), aff'd en banc, 535 F.3d 1058, 1068 (9th Cir.
15  2008) (internal quotations and citations omitted). The burden must prevent the plaintiff "from engaging
16  in [religious] conduct or having a religious experience." Id., 479 F.3d at 1033 (internal citations
17  omitted).

18      Plaintiff has not shown how his inability to purchase oils from his preferred provider is a
19  substantial burden on his religious exercise.  Even taking his "evidence" at face value, there does not
20  appear to be any requirement, in the Dyaddic Book of Spells that the oils be natural.  (ECF No. 270 at
21  30).  Again, Plaintiff has not produced evidence or declarations that this book is essential to his
22  religious observance.  But even so, it does not support his contention.

23      A party can only be held to have failed to satisfy its duty under *Celotex* to "designate 'specific
24  facts showing that there is a genuine issue for trial,'" *Celotex v. Catrett*, 477 U.S. 317, 324, 106 S.Ct.
25  2548, 2553, 91 L.Ed.2d 265 (1986) (quoting Fed.R.Civ.Pro. 56(e)), however, if the moving party placed
26  the nonmoving party on proper notice. "Of course, a party seeking summary judgment always bears the
27  initial responsibility of informing the district court of the basis for its motion." *Id*. at 323, 106 S.Ct. at
28  2552 (emphasis added). In *Katz v. Children's Hosp. of Orange County*, 28 F.3d 1520, 1534 (9th Cir.

1994) the Court held that a summary judgment motion must sufficiently identify the disputed issues, so as to put opposing party "on notice that [it] is required to adduce facts" with respect to those issues. Plaintiff's motion is grossly insufficient. He merely claims there are no disputed issues of fact, and that he should prevail. However, he does not show how his facts support his contentions as to the law. Therefore, his motion should be denied.

### D. This Opposition is timely.

Plaintiff argues, in his Opposition to the Defendants' Motion for Summary Judgment that the Defendants failed to timely oppose his Motion for Summary Judgment, and therefore, his motion should be granted. (ECF No. 273). As this Court is aware, Local Rule 7-2 discusses the timing for Motions for Summary Judgment and the responses. In this case, however, the Court issued an order that the Motions for Summary Judgment were to be filed by October 22, 2020 and a response brief (Opposition) no later than November 23, 2020. (ECF No. 269). Therefore, this Opposition is timely.

There was no reply designated in the order. If the Court requires a reply, the Defendants would be happy to file a reply upon the request of the Court.

## V. CONCLUSION

Plaintiff is not entitled to summary judgment because there is a legitimate penological interest in providing the rules regarding religious oils. Further, the implementation of AR 810 allows for efficient and accurate religious observance for all inmates. Therefore, his Motion for Summary Judgment (ECF No. 270) should be denied.

## VI. EXHIBITS

1. Nevada Department of Corrections Administrative Regulation 810 – Religious Faith Group Activities and Programs
2. Declaration of Dorothy Nash Holmes
3. Nevada Department of Corrections Faith Group Overview

///
///
///
///

4.    Note from Plaintiff to Deputy Attorney General Rands

DATED this 20th day of November, 2020.

                                      AARON D. FORD
                                      Attorney General

By:    /s/ Douglas R. Rands
        DOUGLAS R. RANDS, Bar No. 3572
        Senior Deputy Attorney General

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I certify that I am an employee of the Office of the Attorney General, State of Nevada, and that on this 20th day of November, 2020, I caused to be served a copy of the foregoing, **OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 270)**, by depositing for mailing via the U.S. Postal Service, to the following:

Anthony Chernetsky #44502
Warm Springs Correctional Center
P.O. Box 7007
Carson City, NV 89702

                                     */s/ Roberta W. Bibee*
                                     An employee of the Office
                                     of the Attorney General