UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ANTHONY THOMAS CHERNETSKY,<br><br>    Plaintiff,<br>  v.<br><br>STATE OF NEVADA, *et al.*,<br><br>    Defendants. | Case No. 3:06-cv-00252-MMD-WGC<br><br>ORDER |

Pending before the Court is Plaintiff Anthony Thomas Chernetsky's[1] Motion for Trial for Damages and Request for Declaratory and Injunctive Relief (ECF No. 292 ("Motion")).[2] For the following reasons, the Court denies the Motion.

The most recent appeal in this case resolved the sole remaining claim under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). (ECF No. 287; *see also* ECF No. 89.) The Ninth Circuit held that "Chernetsky's RLUIPA claim is not moot," and "reverse[ed] the district court's order and remand[ed] for entry of a judgment in favor of Chernetsky" because "the State [] failed to produce any evidence substantiating its claim that AR 810's ban on natural anointing oils is the least restrictive means of furthering its interests in prison security." (ECF No. 287 at 2, 4.) Because Chernetsky has already received the declaratory and injunctive relief that he seeks, no new trial is necessary in this case.

---

[1]Chernetsky is representing himself *pro se* in this matter. "Courts in this circuit have an obligation to give a liberal construction to the filings of pro se litigants," which relieves *pro se* litigants "from the strict application of procedural rules and demands that courts not hold missing or inaccurate legal terminology or muddled draftsmanship against them." *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013).

[2]Defendants responded (ECF No. 297) and Plaintiff replied (ECF No. 299). Plaintiff also filed a motion to revive his previous ex parte request for a hearing on Defendants' motion for summary judgment (ECF No. 278). (ECF No. 301.) The Cour denies this motion as moot.

Further, Chernetsky is not entitled to the monetary damages he seeks. (*See* ECF No. 292 at 5-6.) In the case of RLUIPA claims, relief in the form of monetary damages is not available. *Sossamon v. Texas*, 563 U.S. 277, 280 (2011); *Jones v. Williams*, 791 F.3d 1023, 1031 (9th Cir. 2015). Therefore, there is no question of damages to be resolved in this case. Accordingly, the Court denies Chernetsky's request for trial on damages.

It is therefore ordered that Plaintiff's Motion for Trial for Damages and Request for Declaratory and Injunctive Relief (ECF No. 292) is denied.

It is further ordered that Plaintiff's motion to revive ex parte motion (ECF No. 301) is denied as moot.

DATED THIS 12th Day of June 2024.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE