UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| ANTHONY THOMAS CHERNETSKY, | Case No. 3:06-cv-00252-MMD-WGC |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| STATE OF NEVADA, *et al.*, | |
| Defendants. | |

Pending before the Court is Plaintiff Anthony Thomas Chernetsky's[1] Motion for Clarification of Injunctive Relief (ECF No. 303 ("Motion")).[2] For the following reasons, the Court grants the Motion.

In the Motion, he asks the Court "to clarify the injunctive relief that he has received so that he may seek compliance with the [Nevada Department of Corrections ("NDOC")]." (*Id.* at 1.) Chernetsky "has spoken with the institutional Chaplain" to request that "oils [ ] be sent to him . . . for [his] religious practices," but the Chaplain has been unable to help as "his hands are tied[.]" (*Id.*) Due to these ongoing problems, Chernetsky asks the Court "for clarification of the injunctive relief he has been afforded." (*Id.*)

Acting pro se, Chernetsky moved for summary judgment in October 2020. (ECF No. 270.) Defendants also moved for summary judgment at that time. (ECF No. 271.) After the Court denied Chernetsky's motion and granted Defendants' motion (ECF No. 279), Chernetsky appealed. (ECF No. 281.) The sole issue on appeal was whether NDOC's Administrative Regulation ("AR") 810 violated Chernetsky's rights under the

---

[1] Chernetsky is representing himself pro se in this matter. "Courts in this circuit have an obligation to give a liberal construction to the filings of pro se litigants," which relieves pro se litigants "from the strict application of procedural rules and demands that courts not hold missing or inaccurate legal terminology or muddled draftsmanship against them." *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013).

[2] The Government did not file a response to the Motion.

Religious Land Use and Institutionalized Persons Act ("RLUIPA") due to its ban on natural anointing oils. (ECF No. 287 at 1-2.) The Ninth Circuit held that Defendants had "failed to produce any evidence substantiating its claim that AR 810's ban on natural anointing oils is the least restrictive means of furthering its interests in prison security," and therefore the district court erred in granting summary judgement in Defendants' favor. (*Id.* at 4.) Accordingly, the panel "reverse[d] the district court's order and remand[ed] for entry of judgment in favor of Chernetsky." (*Id.*)

In May 2024, the Court issued an order granting Chernetsky's motion for summary judgment (ECF No. 289) and the Clerk of Court entered judgment (ECF No. 290). As a result, Chernetsky has received declaratory relief that the ban on natural anointing oil in the NDOC's AR 810 violates the RLUIPA, and therefore the NDOC is enjoined from enforcing the rule. For the sake of clarification, the Court will reiterate Chernetsky's injunctive relief in this Order. If it is the case that the NDOC continues to effectively enforce the illegal ban by frustrating Chernetsky's attempts to obtain natural oil for his religious practices, then the NDOC will be in violation of this Court's Order and risks sanctioning.

It is therefore ordered that Plaintiff's Motion for Clarification of Injunctive Relief (ECF No. 303) is granted.

It is further ordered that Plaintiff's Request for Submission of the Motion for Clarification of Injunctive Relief (ECF No. 304) is granted.

It is further ordered that Defendants are enjoined from enforcing Administrative Regulation 810's ban on natural oils used for religious practices.

DATED THIS 7th Day of August 2024.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE