1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

ANTHONY THOMAS CHERNETSKY,

Plaintiff,

v.

STATE OF NEVADA, *et al.*,

Defendants.

Case No. 3:06-cv-00252-MMD-CSD

ORDER

Plaintiff is a practicing Wiccan in the custody of the Nevada Department of Corrections ("NDOC"). The Court held a hearing to address two pending motions in this case: Defendants' motion for relief from order (ECF No. 306); and Plaintiff's motion for civil contempt (ECF No. 315). (ECF No. 325 (the "Hearing").) At the Hearing, the Court granted the former motion and denied the latter for the reasons stated on the record. (*Id.*) But the Court also stated it would issue a written order memorializing its rulings; this is that order.

Defendants' motion for relief from order relates to Plaintiff's ability to use oils for Wiccan religious ceremonies, and Plaintiff's motion for civil contempt relates to Plaintiff's efforts to construct a Wiccan sweathouse (his phrasing, *see* ECF No. 315) at the Northern Nevada Correctional Center in Carson City ("NNCC"). In 2017 and 2024, Plaintiff won favorable decisions from the United States Court of Appeals for the Ninth Circuit, in which the Ninth Circuit found that Defendants violated his rights under the Religious Land Use and Institutionalized Persons Act ("RLUIPA") for denying Plaintiff access to a sweathouse (in 2017) and refusing to let him purchase natural oils specified in the Dyaddic Book of Shadows from the vendor AzureGreen so that they may be used in Wiccan rituals and ceremonies (in 2024). (*See* ECF No. 270 at 3 (specifying that this is the relief he sought in Plaintiff's motion for summary judgment); *see also* ECF No. 248 (Ninth Circuit decision

1    regarding sweathouse); ECF No. 287 (Ninth Circuit decision regarding oils).) The Court

2    first addresses Defendants' motion, and then Plaintiff's.

3            **A.    Defendants' motion for relief from order**

4            Defendants seek clarification or reconsideration of the Court's order stating in

5    pertinent part, "that Defendants are enjoined from enforcing Administrative Regulation

6    810's ban on natural oils used for religious practices." (ECF No. 305 at 2.) Defendants

7    would specifically like clarification consistent with their understanding that the injunction

8    applies only to Plaintiff and does not generally invalidate AR 810, and otherwise requires

9    Defendants, through the Chaplain, to make available a few drops of natural oils before

10   each of Plaintiff's religious ceremonies, apparently as opposed to letting Plaintiff keep

11   bottles of oil in his cell. (ECF No. 306.)

12           To start, the Court grants Defendants' motion to clarify that the injunction regarding

13   the natural oils applies only to Plaintiff, and not other people. This is implied from the

14   Court's order, which suggests that it applies only to Plaintiff. (ECF No. 305.) And under

15   the governing law, enjoining enforcement of AR 810 against Plaintiff is the correct

16   outcome. However, the Court sees how its prior order could be confusing because the

17   Court's key sentence in that order does not read "that Defendants are enjoined from

18   enforcing Administrative Regulation 810's ban on natural oils used for religious practices

19   [against Plaintiff]." (*Id.* at 2.) Thus, to the extent necessary, the Court so clarifies.

20           Indeed, RLUIPA necessitates an individualized inquiry considering each

21   individual's sincerely held religious beliefs, and therefore cannot support an injunction

22   that would apply to all Wiccans at NNCC or some other larger group in a case like this

23   one filed by a single plaintiff. *See Johnson v. Baker*, 23 F.4th 1209, 1215 (9th Cir. 2022)

24   (explaining that RLUIPA necessitates a narrow inquiry focused the specific religious

25   practice at issue and the specific practitioner); *cf. Jones v. Slade*, 23 F.4th 1124, 1140

26   (9th Cir. 2022) ("Under RLUIPA, the plaintiff bears the initial burden of demonstrating that

27

28

1    an institution's policy constitutes a substantial burden on his exercise of religion."). The

2    injunction that Plaintiff won in this case regarding the oils does not apply to anyone else.[1]

3        In addition, the Court grants Defendants' motion with respect to Plaintiff's ability to

4    use oils for Wiccan religious ceremonies. To the extent it is not clear from the Court's

5    prior order (ECF No. 305), the Court enjoins Defendants from enforcing AR 810's ban on

6    natural oils against Plaintiff, so Plaintiff may use natural oils for his religious practice. This

7    injunctive relief requires Defendants to provide Plaintiff access to the natural oils specified

8    in the Dyaddic Book of Shadows from the vendor AzureGreen. Defendants are required

9    to make these oils available to Plaintiff when he needs them for his religious ceremonies.

10   If the Chaplain is working, Plaintiff must request the oils he needs from the Chaplain, and

11   the Chaplain must give him the amount he requires for the upcoming ceremony or

12   ceremonies Plaintiff is requesting the oil for.[2] Defendants are further ordered to establish

13   a similar process for when the Chaplain is not working or otherwise not at NNCC.

14       **B.    Plaintiff's contempt motion**

15       The Court denies Plaintiff's contempt motion because Defendants have not

16   violated any specific and definite court order requiring Defendants to build Plaintiff—or

17   allow Plaintiff to build—a Wiccan sweathouse. "Civil contempt ... consists of a party's

18   disobedience to a specific and definite court order by failure to take all reasonable steps

19   within the party's power to comply." *Inst. of Cetacean Rsch. v. Sea Shepherd*

20   *Conservation Soc'y*, 774 F.3d 935, 945 (9th Cir. 2014) (citations omitted). And "[i]f a

21   violating party has taken 'all reasonable steps' to comply with the court order, technical

22   or inadvertent violations of the order will not support a finding of civil contempt." *Gen.*

23

24       [1]The Court questioned defense counsel at the Hearing about two separate Ninth
     Circuit decisions that invalidated AR 810's ban on use of natural oils for religious
25   practices, and whether NDOC had subsequently modified AR 810 as it relates to
     prohibiting the use of natural oils. (ECF No. 287.) *See also Johnson*, 23 F.4th 1209.
26   Counsel represented that he believes NDOC modified AR 810 in response to these
     decisions and will file a notice to supplement his representations at the Hearing along
27   with a copy of the revised AR.

28       [2]At the Hearing, Plaintiff described that this is essentially the current process for
     him to obtain the oils he needs for religious ceremonies.

1   *Signal Corp. v. Donallco, Inc.*, 787 F.2d 1376, 1379 (9th Cir. 1986) (citation omitted). The

2   party alleging civil contempt, here, Plaintiff, must demonstrate contempt by clear and

3   convincing evidence. *See Inst. of Cetacean Rsch.*, 774 F.3d at 945. And the Court "has

4   wide latitude in determining whether there has been contemptuous defiance of its order."

5   *Hook v. Arizona Dep't of Corr.*, 107 F.3d 1397, 1403 (9th Cir. 1997), *as amended on*

6   *denial of reh'g and reh'g en banc* (Apr. 22, 1997) (citation omitted). The Court agrees with

7   Defendants that Plaintiff has not met his burden to show that Defendants are in contempt

8   of any of the Court's prior orders.

9       As Defendants argue, Judge Jones[3] previously held that Defendants had to let

10  Plaintiff use the existing Native American sweat lodge but never specifically ordered that

11  Defendants either had to build him a Wiccan sweathouse or let him build one. (ECF No.

12  235.) Somewhat similarly, the Ninth Circuit touched on Plaintiff's right to use a

13  sweathouse, not to build one. (ECF No. 248 at 2.)

14      However, Defendants do not dispute that Plaintiff is entitled to a Wiccan

15  sweathouse at NNCC and say that his request to build one at NNCC will be approved but

16  ask for more time. (ECF No. 318.) Plaintiff submitted his request back in July so he could

17  build the sweathouse before the weather got cold, and the request is now waiting for

18  approval from the Warden at NNCC. (ECF No. 319.) While the Court declines to find

19  Defendants in civil contempt, because there is no dispute between the parties that Plaintiff

20  may build a Wiccan sweathouse, the Court orders Defendants to allow Plaintiff to

21  construct a Wiccan sweathouse at NNCC by December 6, 2024—in time for Plaintiff's

22  December full moon worship. In particular, the Warden of NNCC has one week from the

23  date of the Hearing to approve Plaintiff's request for Plaintiff to build the sweathouse. The

24  area that needs to be cleared to build the sweathouse must be cleared soon, with

25  sufficient time for Plaintiff to build the sweathouse by December 6, 2024.[4] Plaintiff may

26  _____

27      [3]This case was later reassigned to this Court. (ECF No. 296.)

28      [4]The Warden of NNCC may permit Plaintiff to perform this work or have NNCC's
    groundskeeping team perform the work. Who does the work is immaterial to the Court's

4

1    file a motion asking for emergency relief from the Court if the sweathouse is not completed

2    by December 6, 2024.

3         It is therefore ordered that Defendants' motion (ECF No. 306) is granted consistent

4    with this order, the Court's rulings at the Hearing reflected in the transcript of it, and the

5    Court's minutes summarizing the Hearing (ECF No. 325).

6         It is further ordered that Plaintiff's motion (ECF No. 315) is denied consistent with

7    this order, the Court's rulings at the Hearing reflected in the transcript of it, and the Court's

8    minutes summarizing the Hearing (ECF No. 325).

9         DATED THIS 13th Day of November 2024.

10

11    _____
      MIRANDA M. DU
12    CHIEF UNITED STATES DISTRICT JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28    ruling, and within the Warden's discretion. What matters is the ground is clear with enough
      time to give Plaintiff a reasonable opportunity to build his Wiccan sweathouse by
      December 6, 2024.